Filed 10/12/21  P. v. Montiel CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARIO MONTIEL,<br><br>    Defendant and Appellant. | B308786<br><br>(Los Angeles County<br>Super. Ct. No. VA071398) |

APPEAL from an order of the Superior Court of Los Angeles County, Roger T. Ito, Judge.  Affirmed.

Deborah L. Hawkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

A jury convicted Mario Montiel and two other men of second degree murder for beating a man to death. The trial court instructed the jury on and the prosecutor argued murder liability under the natural and probable consequences doctrine. Montiel filed a petition for resentencing under Penal Code section 1170.95. The trial court denied the petition, finding Montiel could still be convicted of implied malice murder beyond a reasonable doubt. Montiel appeals this denial, arguing he deserves a new jury trial because the trial court instructed his original jury on a now-invalid theory. We affirm. Undesignated statutory references are to the Penal Code.

I

We recount the factual and procedural background.

A

In December 2001, Montiel and two other men beat fellow drug dealer Eli Reyes over a debt. The beating lasted for hours and ended with Reyes's death. The coroner opined Reyes's injuries were consistent with being kicked and with fist blows. The coroner identified two possible causes of death: (1) multiple blunt force injuries to the head resulting in brain herniation, and (2) a fractured larynx consistent with strangulation. Witnesses identified Montiel as a participant in the beating and testified Montiel made comments about having strangled a man shortly after the beating.

At trial, the court instructed the jury on theories of liability for murder including implied malice murder and the natural and probable consequences doctrine. The prosecutor and defense counsel focused on the natural and probable consequences theory in their closing arguments. The jury convicted Montiel and the other two men of second degree murder. (§ 187, subd. (a).)

Montiel appealed, and this court affirmed the judgment in *People v. Vasquez* (Apr. 6, 2006, B173875) [nonpub. opn.].

## B

The Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (SB 1437), effective January 1, 2019, "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Section 1170.95 allows persons convicted of felony murder or under a natural and probable consequences theory to petition the court to have their convictions vacated and to be resentenced. (§ 1170.95, subd. (a).)

To seek relief under section 1170.95, the petitioner must file a petition meeting the requirements of the statute. (§ 1170.95, subd. (b)(1).) If the petitioner files a facially sufficient petition, the trial court must appoint counsel if so requested. (*People v. Lewis* (2021) 11 Cal.5th 952, 962–963.) The trial court then, after receiving briefing, determines whether the petitioner has made a prima facie showing he or she is eligible for relief. (§ 1170.95, subd. (c).) If the petitioner makes such a showing, the trial court issues an order to show cause and sets an evidentiary hearing to determine whether to vacate the conviction, recall the sentence, and resentence the petitioner. (§ 1170.95, subd. (d)(1); *Lewis*, at p. 960.)

## C

After the passage of SB 1437, Montiel filed a petition for resentencing, declaring that he had been convicted on a theory of natural and probable consequences. The trial court found a

prima facie case and set an evidentiary hearing.  At the hearing, the trial court said it had reviewed the record of conviction and the parties' briefing.  The prosecution argued Montiel could still be convicted under the current law under a theory of implied malice murder.  Montiel argued the evidence did not show implied malice because there was no evidence he had the intent to kill.  Montiel also argued the prosecution had relied on a theory of natural and probable consequences at trial that was no longer valid.  In Montiel's view, because the prosecution did not rely on an implied malice murder theory at trial, he must be given a new trial.

At the conclusion of the hearing, the trial court found "there is a valid theory of implied murder that could have been sustained, and this Court does in fact sustain and finds that Mr. Montiel is not entitled to the relief because in fact there is a valid theory of implied malice murder . . . .  [B]ased on my review of the record of conviction, [it] indicates in my estimation beyond a reasonable doubt that he could be convicted and he should be convicted of that crime under this fact pattern."

## II

Montiel appeals the court's denial of his petition.  His primary contention is because the trial court instructed the jury on a now-invalid theory (second degree murder under the natural and probable consequences doctrine), he has a right to a new jury trial to be convicted on a theory not decided by his original jury.  This argument misconstrues the nature of both the evidentiary hearing and the relief available under section 1170.95.  Montiel's assertion that substantial evidence does not support the trial court's finding also fails.

4

## A

Montiel's focus on the trial court's instructions and counsel's arguments to the jury at trial misses the mark. Once the trial court sets an evidentiary hearing, the question becomes whether the petitioner could be convicted of first or second degree murder beyond a reasonable doubt after the changes to sections 188 and 189. (See *People v. Lopez* (2020) 56 Cal.App.5th 936, 950–951 (*Lopez*), review granted Feb. 10, 2021, S265974; *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 238–239 (*Rodriguez*), review granted Mar. 10, 2021, S266652; *People v. Clements* (2021) 60 Cal.App.5th 597, 616–617 (*Clements*), review granted Apr. 28, 2021, S267624.) In answering this question, the trial court acts as an independent fact finder. (*Lopez*, at pp. 950–951; *Rodriguez*, at pp. 238–239; *Clements*, at pp. 616–617.) What the jury did and what instructions they did or did not receive are no longer relevant. (See *Lopez*, at p. 950 ["the trial court may be confronted with new evidence (§ 1170.95, subd. (d)(3)) and frequently will be asked to find newly relevant facts not previously admitted or found by a trier of fact"].)

This distinguishes the analysis in *People v. Sanchez* (2020) 46 Cal.App.5th 637, review granted June 10, 2020, S261768. *Sanchez* involved a direct appeal, not a petition under section 1170.95, so its holding about the proper remedy for an invalid jury instruction is inapplicable here. (See *Sanchez*, at pp. 639, 644–645.)

Although Montiel acknowledges the independent fact finder role laid out in what he terms the "*Clement[s]-Rodriguez* approach," he argues it should not apply to his case because no jury has found his mental state amounted to malice. This fact, however, does not make Montiel's case unique or undermine the

5

applicability of *Clements* and *Rodriguez*. Indeed, those cases' holdings that the trial court must act as an independent fact finder necessarily imply the court is not relying on jury findings.

Montiel contends his case is different because the record conclusively establishes the jury convicted him under a natural and probable consequences doctrine, but this does not change the analysis. Even assuming he is correct and the record does establish that, the trial court's role at the evidentiary hearing stage remains the same.

B

Montiel argues the *Clements-Rodriguez* approach violates his constitutional rights to the extent it calls for factfinding by the trial court instead of a jury. This argument has been repeatedly rejected by this court and others. (See, e.g., *People v. Falcon* (2020) 57 Cal.App.5th 272, 279, review granted Jan. 27, 2021, S266041; *Lopez*, *supra*, 56 Cal.App.5th at pp. 957–958, review granted.) We follow these holdings. SB 1437 is an act of lenity and is not subject to the constitutional protections Montiel cites. (See *Lopez*, at p. 957 [petitioners are not currently criminal defendants with constitutional entitlement to a jury].)

Montiel urges us to find a difference between section 1170.95 petitioners convicted under a felony-murder theory and those convicted under a natural and probable consequences doctrine. He admits relief for felony-murder petitioners is an act of lenity because they remain convicted by a jury of the underlying felony. However, he argues this is not true of natural and probable consequence doctrine petitioners because no jury has validly convicted them of a crime.

This argument is meritless.

SB 1437 is an act of lenity because of the nature of the statute.  (See *Lopez*, *supra*, 56 Cal.App.5th at p. 958, review granted.)  It provides postconviction relief for persons sentenced under certain theories.  (*Id*. at pp. 957–958.)  This does not change based on the theory cited.

Moreover, in the case of both types of petitioners, a trial court must engage in independent factfinding to evaluate whether they can be convicted of murder under the current law before they are eligible for resentencing.  (See *Rodriguez*, *supra*, 58 Cal.App.5th at pp. 238–239, review granted; *Clements*, *supra*, 60 Cal.App.5th at pp. 616–617, review granted.)  And, in some cases, a natural and probable consequences doctrine petitioner will remain convicted of the target offense, just as the felony-murder petitioner remains convicted of the underlying felony.  Thus, not only is the theory underlying the petitioner's conviction irrelevant to the trial court's determination at the evidentiary hearing, but it also fails to create any distinction between the two types of petitioners.

## C

The prosecution argues substantial evidence supports the trial court's finding that Montiel could still be convicted of second degree murder after the changes to sections 188 and 189.  Montiel's response to this argument again improperly focuses on what happened at trial.  He claims the trial court made two erroneous findings at the evidentiary hearing:  (1) that the jury "had been validly instructed" on implied malice murder, and (2) that there was evidence to sustain such a finding if it had been made, which Montiel argues contradicts the prosecutor's admission at trial that the People could not prove substantial causation.

7

Each of these arguments fails because, as explained above, the trial court acts as an independent fact finder at the evidentiary hearing stage.  The evidence cited by the trial court is substantial support for its finding.  Montiel does not contest this.

## DISPOSITION

We affirm the judgment.


WILEY, J.


We concur:


GRIMES, Acting P. J.


OHTA, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.